## Seidman's Nomination.

*Election law — Nomination petition — Signers' qualifications — Act of July 12, 1913.*

1. Under the Act of July 12, 1913, P. L. 719, no nomination petition may be refused or set aside except for material error or defects apparent on the face thereof or on the face of the appended or accompanying affidavits; or material alterations made after signing, without the consent of the signers; or for want of a sufficient number of genuine signatures of persons qualified, with respect to age, residence and citizenship, to be electors.

2. Registration is not a qualification within the meaning of the act.

Petition of William H. Thomas, incumbent, to set aside nomination petition. C. P. Lackawanna Co., Oct. T., 11927, No. 1669.

*James E. Watkins*, for petitioner; *Frank W. Coyne*, contra.

MAXEY, J., Sept. 2, 1927.—This is a petition to set aside a nomination petition of Nathan Seidman for the office of alderman of the 8th Ward of Scranton. The petition is attacked on the ground that it does not contain the signatures of a sufficient number of qualified electors, as required by law. There is no dispute of fact. It is conceded that the petition contains a sufficient number of signatures, but the point is made that the persons signing the petition are not qualified electors because they were not registered in the City of Scranton on any of the 1926 registration dates.

The Act of July 12, 1913, § 8, P. L. 719, 730, provides:

"No nomination petition shall be refused or set aside except for:

"*(a)* Material error or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or

"*(b)* Material alterations made after signing, without the consent of the signers; or

"*(c)* Want of a sufficient number of genuine signatures of persons qualified, with respect to age, sex, residence and citizenship, to be electors."

Paragraph *(c)* of section 8 is the only paragraph that is pertinent to the issue now before us. We interpret this paragraph *(c)* as a statement about

as clear as language can make it that the court cannot set aside a nomination petition if it contains a sufficient number of signatures of persons who are old enough to be electors and who have the legal residence required and are citizens of the United States and of Pennsylvania.

It has been argued that no person is qualified to be an elector unless he is actully registered. Against this, it might be argued that registration is not a qualification of an elector, but is simply a procedure which a person must follow in order to exercise his rights as an elector. For example, a person might be qualified to marry by reason of the fact that he was of sufficient age, but in order to be legally married he would have to apply for a license. However, we do not think it is necessary for us to determine this precise question as to whether or not registration is a qualification of an elector, because the act of the legislature says that "no nomination petition shall be refused or set aside except for . . . want of a sufficient number of genuine signatures of persons qualified, with respect to age, sex, residence and citizenship, to be electors." The question of sex, of course, does not enter into the matter at all since the passage of the 19th Amendment to the Constitution of the United States.

As the petition before us contains "a sufficient number of genuine signatures of persons qualified, with respect to age, sex, residence and citizenship, to be electors," we hold that we are prohibited by section 8 of the aforesaid act from setting aside the nomination petition.

Therefore, now, to wit, Sept. 2, 1927, the petition to set aside the nomination petition is refused.

WATSON, J., also signed the opinion.

From William A. Wilcox, Scranton, Pa.